| | |
|---|---|
| ALEXANDER BODDIE, | No. 2:18-cv-1196 AC P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL MARTEL, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5, 6). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1] See ECF Nos. 5, 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

---

[1] Plaintiff's first in forma pauperis application, filed May 11, 2018, is incomplete. See ECF No. 2. Accordingly, it will be denied as such.

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV.     PLAINTIFF'S COMPLAINT

Plaintiff is an inmate currently housed at California Health Care Facility ("CHCF"). See ECF No. 1 at 1. In his complaint, he names Warden Michael Martel of CHCF, Appeals Examiner and Captain J. Dominguez, and M. Voong of the Chief Office of Appeals as defendants.[2] He argues that defendants violated his due process rights under the Fourteenth Amendment when: (1) in a second-level appeal response, defendant Martel incorrectly and unnecessarily stated that plaintiff was a participant in the Mental Health Service Delivery ("MHSD") program; (2) in a third-level appeal response, defendant Dominquez found that the second-level appeal response did not contain any false information, and (3) after reviewing the responses of defendants Martel and Dominquez, defendant Voong confirmed their findings that there was no false information in the appeal responses. See id. at 3-5.

Plaintiff contends that defendants' ultimate findings that the appellate reviews contained no false information constitute defamation. See ECF No. 1 at 3-5. He further contends that if defendant Martel's statement about his participation in the MHSD program were true, it would require plaintiff to participate in a mandatory treatment program in order to be eligible for parole.[3] See id. at 3. Such a requirement, plaintiff argues, would violate his liberty interests. See id. at 3.

Plaintiff seeks compensatory and punitive damages in the amount of $1,650.000.00 from each defendant. See ECF No. 1 at 6. He argues that damages are appropriate because defendants have demonstrated malice and ill will toward him. See id. at 6.

////

---

[2] Although plaintiff identifies defendants Dominguez and Voong as employees of "C.D.C.R. Sacramento, CA," (see ECF No. 1 at 2), the court presumes that these defendants are also employed at CHCF. If this is not the case, plaintiff must state as much in any amended complaint he may file.

[3] Plaintiff also asserts that as a result of this statement by defendant Martel, the Office of Risk Management, Government Claims Program found that "the claim involves complex issue that are beyond the 'scope of analysis and legal interpretation typically undertaken by the GCP. Claims involving complex issues are best determined by the courts'." ECF No. 1 at 3. Because it is unclear to precisely which "claim" plaintiff is referencing, the court is unable to consider this part of plaintiff's allegations.

V.     DISCUSSION

Plaintiff's complaint fails to state a claim upon which relief may be granted. Defamation itself does not support a cause of action under Section 1983. It is the deprivation of constitutional rights for which the Civil Rights Act creates a remedy. See Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). "To establish a civil rights claim under 42 U.S.C. § 1983, a plaintiff must assert more than a violation of state tort law – he must show that the defendant deprived him of an interest protected by the Constitution or federal law." Weiner v. San Diego Cty., 210 F.3d 1025, 1032 (9th Cir. 2000) (citing Paul v. Davis, 424 U.S. 693, 712 (1976)). Accordingly, to state a cognizable "defamation-plus" claim, plaintiff must join a defamation claim to a recognizable section 1983 wrong such as the denial of equal protection or due process. Buckey v. Cty. of Los Angeles, 968 F.2d 791, 795 (9th Cir. 1992) (to state a).

Plaintiff does assert that defendants' statements in the appeal decisions have violated his "liberty interests" and his due process rights. See ECF No. 1 at 3-5. Plaintiff may be claiming that his liberty interest in parole has been violated. See generally id. at 3. If so, however, plaintiff has not stated a cognizable claim. It is well-settled that prisoners do not have a liberty interest in parole under the Constitution. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Although California has created a qualified liberty interest in parole,[4] the complaint fails to identify an actual injury to that interest. Plaintiff states: "If [the] allegation [that I am a part of the MHSD program] were true, [it] *would* subject [me] to a mandatory treatment program whose successful completion is a precondition for parole eligibility." See ECF No. 1 at 3 (emphasis added). This statement is both speculative and conditional. Plaintiff makes no affirmative allegation that he was improperly determined to be a part of the MHSD program and that as a result, he was wrongfully required to complete mandatory programming in order to be eligible for

---

[4] See Pearson v. Muntz, 606 F.3d 606, 610-11 (9th Cir.), amended on denial of reh'g, 625 F.3d 539 (9th Cir. 2010) (noting California law creates right to release in absence of "some evidence" of current dangerousness).

5

parole.  See generally id.  Furthermore, plaintiff has not shown that any such infringement of his liberty interest occurred without due process.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (establishing due process requirements for denial of parole).[5]

For these reasons, plaintiff's complaint as currently written fails to state a claim upon which relief may be granted.  Plaintiff will, however, be given an opportunity to amend the complaint.

VI.     LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint.  If plaintiff chooses to file an amended complaint, it will take the place of the original complaint.  See Lacey, 693 F.3d at 925 (stating amended complaint supersedes original complaint).  Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being

---

[5] The Wolff procedural due process requirements are:  (1) advance, written notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3) written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6) assistance if inmate is illiterate or if issues are complex.  Wolff, 418 U.S. at 564-70.

treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint will not be served because it does not state facts showing that your constitutional rights were violated. Defamation is not a claim that you can bring under section 1983, because it does not involve your federal rights. If you are trying to claim that your due process rights were violated, you need to say so clearly and provide facts that show how. Were you actually denied parole because of a false statement about MHSD? Were you denied the opportunity to challenge the MHSD designation at a parole hearing? You are being given the opportunity to amend your complaint. If you think you can state facts showing that your due process rights (or other federal rights) were violated, you must provide facts showing precisely who did what to violate your rights.

VIII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed May 11, 2018 (ECF No. 2), is DENIED as incomplete;

2. Plaintiff's motion to proceed in forma pauperis, filed May 17, 2018 (ECF No. 6) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served; and

////
////
////
////

4. Within thirty days of the date of service of this order, plaintiff may file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: March 9, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE